Filed 3/10/25  P. v. Edwards CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROGER TEDI EDWARDS,<br><br>    Defendant and Appellant. | D084271<br><br><br><br>(Super. Ct. No. SCS329307) |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Roger Tedi Edwards appeals from his robbery and burglary convictions. His appointed appellate counsel filed an opening brief raising no arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Edwards also filed a

supplemental brief on his own behalf.  Our independent review confirms there are no arguable issues on appeal.  We therefore affirm the conviction.

FACTUAL AND PROCEDURAL BACKGROUND

In 2023, Edwards broke into the restaurant at Enagic Golf Course in Eastlake.  When confronted by Enagic employee Jorge Pineda, Edwards displayed a screwdriver and left the restaurant with several bottles of liquor and a plate of food.  Speaking to a responding officer, Pineda denied that Edwards threatened him.  However, Pineda later told a detective that when Edwards pulled out the screwdriver, Edwards said, " 'If you call the police, I'm going to kill you.' "

Prosecutors charged Edwards with robbery (Pen. Code,[1] § 211; count 1), burglary (§ 459; count 2), making a criminal threat (§ 422; count 3), and attempting to dissuade a witness (§ 136.1, subd. (b)(1); count 4).  The People also alleged that Edwards had a prior robbery conviction from Oregon, which constituted a serious felony prior and a strike prior (§ 667, subds. (a)(1) & (b)–(i)).

At Edwards's trial in 2024, the jury found him guilty of counts 1 and 2, and not guilty of counts 3 and 4.  Edwards moved for a new trial, arguing there was insufficient evidence of force or fear to support his robbery conviction.  The trial court disagreed and denied the motion.

Edwards admitted the prior Oregon conviction and the trial court found that it constituted attempted robbery, if not robbery, under California law.  However, the People did not seek the potential five-year enhancement for the offense (§ 667, subd. (a)(1)) and the trial court struck it as a serious felony prior.  The trial court also granted Edwards's motion to strike the Oregon

---

[1]    All subsequent statutory references are to the Penal Code.

conviction as a strike prior. The trial court then sentenced Edwards to the three-year midterm for the robbery and stayed execution of his sentence for the burglary pursuant to section 654.

Edwards filed a timely notice of appeal. His appointed appellate counsel filed an opening brief raising no issues and asking us to review the record for error under *Wende* and *Anders*. Counsel identified three potential issues to assist us in our independent review: (1) whether Edwards's Oregon conviction was a violent or serious felony under California law; (2) whether the trial court's findings regarding the Oregon conviction were moot because the trial court struck that prior conviction; and (3) whether the trial court erred in denying Edwards's motion for new trial.

Edwards filed his own supplemental brief, alleging harassment and brutality by law enforcement officers. Edwards also argues he was framed, police officers bribed Pineda to testify, and the prosecutor offered false evidence and improperly referenced Edwards's nonfinal criminal cases. Finally, Edwards asserts he received ineffective assistance of counsel.

## DISCUSSION

We have reviewed the entire record as required by *Wende* and *Anders*, and considered the issues identified by Edwards and his counsel. We find no arguable issue that would result in a reversal or modification of the conviction.

Regarding the issues raised by Edwards, his allegations of law enforcement harassment and brutality are not supported by the record, nor does Edwards explain how these allegations would warrant reversal of his convictions. Edwards's claims of being framed, Pineda's bribery, and false evidence are likewise unsupported. As for the assertion that the prosecutor improperly referenced Edwards's nonfinal criminal cases, that relates to the

3

prosecutor's use of Edwards's criminal history in opposing Edwards's request to strike his prior strike. Any error in that regard would be harmless because the trial court struck Edwards's prior strike. Finally, there is no indication that trial counsel's representation of Edwards " 'fell below an objective standard of reasonableness under prevailing professional norms' " (*People v. Hoyt* (2020) 8 Cal.5th 892, 958); therefore, his claims of ineffective assistance counsel fail.

Based on the foregoing, we affirm the convictions. Competent counsel has represented Edwards on this appeal.

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DO, J.

4